

*155 Seaport Boulevard*
*Boston, MA 02210-1000*

*617.832.1000 main*
*617.832.7000 fax*

Andrew B. Loewenstein
aloewenstein@foleyhoag.com

July 27, 2026

**<u>Via ECF</u>**

Hon. Jesse M. Furman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Prost, et al. v. Trump, et al.*, Case No. 26-cv-5305-JMF
> Plaintiffs' Opposition to Consolidation

Dear Judge Furman:

Plaintiffs Judge Kimberly Prost, Judge Solomy Balungi Bossa, and Judge Reine Adelaide Sophie Alapini-Gansou hereby respond to the Court's Order of July 20, 2026 that any opposition to consolidation of their action with the subsequently filed action *Democracy for the Arab World Now, Inc. d/b/a DAWN, et al. v. Trump, et al.*, No. 26-cv-5957-JMF (ECF No. 43), be filed by the present date.

Judges Prost, Bossa, and Alapini-Gansou appreciate the Court's desire to promote the efficient and economical resolution of these cases. Indeed, in light of the significant harm they are suffering as a result of their designations for sanctions under Executive Order 14,203, they would be grateful for the Court's expeditious adjudication with as much dispatch as it is able. Nonetheless, in view of the unique circumstances presented by litigation involving judges who are presiding over active proceedings—including matters in which the *DAWN* plaintiffs may have an interest or wish to participate—Judges Prost, Bossa, and Alapini-Gansou respectfully request that their action not be consolidated with the *DAWN* litigation.

Judges Prost, Bossa, and Alapini-Gansou's approach to the present litigation must be guided by International Criminal Court's Code of Judicial Ethics, which requires that its judges "uphold the independence of their office" and "not engage in any activity which is likely to interfere with their judicial functions or to affect confidence in their independence." ICC-BD/02-01-05, Art 3. These ethical standards reflect the fundamental principle, enshrined in Article 40 of the Rome Statute of the International Criminal Court, that "judges shall be independent in the performance of their functions" and "shall not engage in any activity which is likely to interfere with their judicial functions or to affect confidence in their independence." Judges must not only "be impartial and ensure the appearance of impartiality," they must "avoid any conflict of interest or being placed in a situation which might reasonably be

perceived as giving rise to a conflict of interest." ICC-BD/02-01-05, Art. 4. Nor may ICC judges "engage in any extra-judicial activity … that may affect or may reasonably appear to affect their independence or impartiality." *Id.*, Art. 10.

The *DAWN* plaintiffs include entities and individuals who play or may wish to play a role in aiding, preparing, and filing submissions to the ICC. *See DAWN v. Trump*, No. 26-5957, ECF No. 1 at 1-3, 5-7. For instance, prior to Executive Order 14,203, DAWN made submissions to the Office of the Prosecutor, and the *DAWN* plaintiffs have represented that if Defendants are enjoined from enforcing the sanctions, they would resume or undertake these activities. *DAWN v. Trump*, No. 26-5957, ECF No. 1 at 32, 38. The proceedings in which they wish to participate include those over which Judges Prost, Bossa, and Alapini-Gansou do or might preside. As a result, Judges Prost, Bossa, and Alapini-Gansou might be required, *inter alia*, to consider whether to issue arrest warrants or summonses, preside over trials and appeals, and/or issue judgments that involve the judicial scrutiny of evidence or argument presented by the *DAWN* plaintiffs. *See* ECF No. 1 at 5-17 (describing functions of ICC judges). Thus, consolidation of their action with the *DAWN* litigation could place Judges Prost, Bossa, and Alapini-Gansou in a situation that risks creating a perceived conflict of interest or otherwise affects the appearance of their independence or impartiality, thereby potentially calling into question the integrity of those proceedings.

Judges Prost, Bossa, and Alapini-Gansou further respectfully observe that consolidation is unlikely to result in significant gains in efficiency because the claims in the two cases largely do not overlap. For instance, Judges Prost, Bossa, and Alapini-Gansou bring claims under the Administrative Procedure Act challenging their sanctions designations as well as claims under the Fifth Amendment's due process and takings clauses stemming from the blocking of bank accounts. The *DAWN* action does not raise such claims. Conversely, the *DAWN* plaintiffs assert claims under the First Amendment for infringement of their rights to free speech and association as well as claims under the statutory exemptions codified in 50 U.S.C. §§ 1702(b)(1) and (b)(3); they also assert a vagueness challenge to the Executive Order's prohibition on the provision of services to or for the benefit of designated person. Those claims are not advanced by Judges Prost, Bossa, and Alapini-Gansou. As such, any efficiency gains offered by consolidation are likely to be minimal. *See Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (stating that where "the procedural posture and the allegations in each case are different … consolidation is not appropriate); *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation.")

For these reasons, Judges Prost, Bossa, and Alapini-Gansou respectfully oppose consolidation and request that the Court adjudicate their case separately.

Respectfully submitted,


/s/ Andrew B. Loewenstein
Andrew B. Loewenstein
*Counsel for Plaintiffs*
*Judges Prost, Bossa, and Alapini-Gansou*

cc: All Counsel of Record (via ECF)